**Electronically Filed
Intermediate Court of Appeals
29800
07-APR-2011
08:42 AM**

NO. 29800

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GREGORY KANAHELE, SR., Individually and as Next
Friend of GREGORY KANAHELE, JR., a minor,
and TRISHALYNN KANAHELE, a minor,
Plaintiffs-Appellees/Cross-Appellants,
v.
JAMES HAN, Defendant-Appellant/Cross-Appellee,
and
DOE DEFENDANTS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 06-1-0597)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Defendant-Appellant/Cross-Appellee James Han (Han)
appeals from the "Final Judgment in Favor of Plaintiff Gregory
Kanahele, Jr., a minor, and Against Defendant James Han and
Gregory Kanahele, Sr. and in Favor of Defendant James Han and
Against Plaintiff Trishalynn Kanahele, a minor, and Gregory
Kanahele, Sr." (Final Judgment) filed on April 24, 2009 in the
Circuit Court of the First Circuit (circuit court).[1]
Plaintiffs-Appellees/Cross-Appellants Gregory Kanahele, Sr.
(Gregory Sr.), Individually and as Next Friend of Gregory

---

[1]  The Honorable Glenn J. Kim presided.

Kanahele, Jr. (Gregory Jr.), a minor, and Trishalynn Kanahele (Trishalynn), a minor, (collectively, the Kanaheles) cross-appeal from the Final Judgment.

On appeal, Han contends the circuit court erred in denying his August 6, 2008 Motion to Determine Covered Loss Deductible (CLD Motion) because the court misinterpreted Hawaii Revised Statutes (HRS) § 431:10C-301.5 (2005 Repl.).

On cross-appeal, the Kanaheles contend the circuit court abused its discretion when it denied the Kanaheles'

(1)   March 5, 2008 "Motion and Memorandum for Mistrial and/or New Trial Based on Rule 7 and 59" (March 5 Motion for New Trial), in which the Kanaheles argued that the court should not have issued a supplemental instruction to the jury that it had to change its verdict to comply with Hawai'i law and award an amount of general damages;

(2)   April 3, 2008 Motion for New Trial (April 3 Motion for New Trial), in which the Kanaheles argued that the verdict was inconsistent because there was sufficient evidence to award damages for pain and suffering; and

(3)   April 3 Motion for New Trial, in which the Kanaheles argued that the jury's finding that Gregory Jr. was 45% at fault and Gregory Sr. was 10% at fault went against the great weight of the evidence.[2]

**A.   APPEAL**

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Han's point of error has no merit.

---

[2]   The Kanaheles' Opening Brief in their cross-appeal does not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) because they fail to cite where in the record the alleged errors occurred and were objected to.   Counsel for the Kanaheles are warned that future violations of HRAP Rule 28(b)(4) may result in sanctions against them.

Han asserts that under the plain meaning of HRS § 431:10C-301.5, the CLD can be determined at any time. Section 431:10C-301.5 provides:

> Whenever a person effects a recovery for bodily injury, whether by suit, arbitration, or settlement, and it is determined that the person is entitled to recover damages, the judgment, settlement, or award shall be reduced by $5,000 or the amount of personal injury protection benefits incurred, whichever is greater, up to the maximum limit. The covered loss deductible shall not include benefits paid or incurred under any optional additional coverage or benefits paid under any public assistance program.

(Emphasis added.)

Because Han was attempting to amend the amount awarded in the judgment, he was bound by Hawai'i Rules of Civil Procedure (HRCP) 59(e) to file any motion to alter or amend a judgment no later than 10 days after entry of the judgment. The First Judgment was filed on June 30, 2008. Han filed his CLD Motion on August 6, 2008 -- 37 days later -- and thus his motion was not timely filed.

The circuit court did not err when it denied Han's CLD Motion where the motion was not timely filed as a motion to amend a judgment under HRCP 59(e).

### B.    CROSS-APPEAL

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve the Kanaheles' points of error as follows:

(1)  The Kanaheles contend that when the jury awarded $12,280.41 in special damages and zero general damages,[3] the

---

[3]  In Dunbar v. Thompson, 79 Hawai'i 306, 901 P.2d 1285 (App. 1995), this court defined general and special damages as follows:

> General damages encompass all the damages which naturally and necessarily result from a legal wrong done. Such damages follow by implication of law upon proof of a wrong and include such items as physical or mental pain and suffering, inconvenience, and loss of enjoyment which cannot be measured definitively in monetary terms. Special damages are the natural
> (continued...)

3

circuit court should have ordered a new trial rather than giving the jury a supplemental instruction to come back with an award in some amount in general damages.

The Hawai'i Supreme Court has held that "[w]here a defendant's liability to a personal injury plaintiff is established, a jury verdict which awards the plaintiff special damages but no general damages for pain and suffering is generally regarded as improper." Dunbar v. Thompson, 79 Hawai'i 306, 315, 901 P.2d 1285, 1294 (App. 1995). The supreme court reasoned that where the jury awarded special damages for the plaintiff's medical expenses, it was inconsistent to not award even a small amount in general damages for pain and suffering[4] because both types of damage were dependent on the same set of facts. Id. at 315, 901 P.2d at 1294.

It is a "well-settled principle in this jurisdiction that the proper amount of damages to be awarded is within the exclusive province of the jury, since jurors are the sole judges of all disputed questions of fact." Kato v. Funari, 118 Hawai'i 375, 381, 191 P.3d 1052, 1058 (2008) (internal quotation marks, citation, brackets and ellipsis omitted).

The Kanaheles argue that precisely because the determination of the amount of the award for damages is the exclusive province of the jury, the circuit court erred in instructing the jurors to change the amount to a figure other than zero. To support this argument, the Kanaheles cite to Walsh

---

[3](...continued)
but not the necessary result of an alleged wrong and depend on the circumstances peculiar to the infliction of each particular injury. Special damages are often considered to be synonymous with pecuniary loss and include such items as medical and hospital expenses, loss of earnings, and diminished capacity to work.

Id. at 315, 901 P.2d at 1294 (internal quotation marks, citations, and ellipsis omitted).

[4] HRS § 663-8.5(b) (1993) provides that "[p]ain and suffering is one type of noneconomic damage and means the actual physical pain and suffering that is the proximate result of a physical injury sustained by a person."

v. Chan, 80 Hawai'i 188, 193-94, 907 P.2d 774, 779-80 (App.), rev'd in part on other grounds, 80 Hawai'i 212, 908 P.2d 1198 (1995).

In Walsh, where the verdict awarding special damages and zero general damages had already been entered, this court explained that

> the "zero" general damages award is either: (1) inconsistent with the special damages award; (2) in disregard of the proper instructions of the trial court; (3) against the great weight of the evidence; or (4) the result of an improper compromise by jurors unconvinced of liability but willing to compromise their positions in return for a limitation of damages to actual out-of-pocket losses.

80 Hawai'i at 194, 907 P.2d at 780.

In the instant case, the circuit court saw that the general damages award was inconsistent with the special damages award. "When an ambiguous or improper verdict is returned by the jury, the court should permit the jury to correct the mistake before it is discharged." Dias v. Vanek, 67 Haw. 114, 117, 679 P.2d 133, 135 (1984).

The circuit court gave the following instruction to the jury before giving it the supplemental jury verdict form:

> As it now stands, your answer to question number 11 on the special verdict form regarding special and general damages of Gregory Kanahele, Jr. is inconsistent under the law of this State. That is because where you have found personal injury, and have accordingly awarded special damages to a party, the law reasons that there must also be some degree of compensable general damages to that party. The degree and amount of such compensable general damages is for you to decide.
>
> To assist you in making your decision, it may be helpful to you to consider again the instructions on damages already provided to you by the Court.
>
> You are going to be provided with a supplemental special verdict form that has just question number 11 on it, because that's the only remaining issue. You've already answered the other questions and made your decisions on those questions.

The jury returned a Supplemental Special Verdict of special damages of $12,280.41 and general damages of $1.00.

The United States Court of Appeals for the Ninth Circuit has held that

5

> when the jury is still available, resubmitting an inconsistent verdict best comports with the fair and efficient administration of justice. Allowing the jury to correct its own mistakes conserves judicial resources and the time and convenience of citizen jurors, as well as those of the parties. It also allows for a resolution of the case according to the intent of the original fact-finder, while that body is still present and able to resolve the matter.

Duk v. MGM Grand Hotel, Inc., 320 F.3d 1052, 1058 (9th Cir. 2003). Concerning the ability of the jurors to deliberate in accordance with the intent of the instructions of the court to revisit an issue, the Ninth Circuit went on to note: "[W]e presume that citizen jurors will properly perform the duties entrusted them and will not construe resubmission as an invitation to subvert the law and contort findings of fact in favor of a desired result." Id.; see also Myers v. South Seas Corp., 76 Hawaiʻi 161, 165, 871 P.2d 1231, 1235 (1994) ("As a rule, juries are presumed to be reasonable and follow all of the trial court's instructions.").

We conclude it was within the circuit court's authority to provide a supplemental jury instruction and verdict form to correct the inconsistency in the verdict. We also conclude it was within the province of the jury to decide the amount to award Gregory Jr. in general damages.

(2) The Kanaheles contend the evidence showed that Gregory Jr. experienced pain and suffering and, thus, the verdict of general damages of only $1.00 was inconsistent with the evidence and not supported by the substantial evidence presented.

The Kanaheles argue that "[i]t is the law in Hawaii that the Jury must give an award for pain and suffering if evidence of pain and suffering is provided at trial." Again, our courts have held that where there is a special damages award, there is the presumption of some degree of pain and suffering, which is reflected in a general damages award. Dunbar, 79 Hawaiʻi at 315, 901 P.2d at 1294. The jury, as required by law, did come back with a general damages award for pain and suffering. This court is not in a position to determine if the

6

award of $1.00 is inconsistent with the evidence. The Kanaheles failed to provide transcripts of Gregory Sr., Gregory Jr., and Trishalynn's testimonies in which these witnesses might have testified as to Gregory Jr.'s injuries and his accompanying pain and suffering. The videotaped deposition of the physician who repaired Gregory Jr.'s facial wounds was entered into evidence and is provided in the record, but without the transcripts of the other relevant trial testimonies, we have an insufficient basis on which to conclude that the jury's award was inconsistent with the evidence. Lepere v. United Pub. Workers, Local 646, AFL-CIO, 77 Hawai‘i 471, 474, 887 P.2d 1029, 1032 (1995).

(3) The Kanaheles contend the jury went against the weight of the evidence in finding Gregory Sr. 10% liable when he was not present at the scene and could not have prevented the accident even if he had been present. They also contend the jury went against the weight of the evidence in finding Gregory Jr. 45% liable.

Under HRS § 635-56 (1993), the circuit court may grant a new trial "when [the verdict] appears to be so manifestly against the weight of the evidence as to indicate bias, prejudice, passion, or misunderstanding of the charge of the court on the part of the jury." Kanahele asserts that "the jury was acting under some improper motive, bias, prejudice or passion," but does not cite to any evidence other than the original general damage award of zero.

Aside from claiming that "[t]here was little evidence presented at trial" that Gregory Sr. had any liability for the accident, the Kanaheles cite to no place in the record to support their claim. Regarding Gregory Jr.'s liability, again they do not cite to the record, but merely state that "[t]he great weight of the evidence . . . showed that . . . Han's negligence was the cause of Gregory Kanahele, Jr.'s injuries." HRAP Rule 28(b)(4) requires the appellant to file a brief in which "each point [of

error] shall state . . . where in the record the alleged error occurred".

Furthermore, the Kanaheles neglected to provide the transcripts of Gregory Sr., Gregory Jr., or Trishalynn's testimonies, which would likely have provided evidence as to alleged liability.

> The burden is upon appellant in an appeal to show error by reference to matters in the record, and he has the responsibility of providing an adequate transcript. Moreover, if the appellant wishes to urge that a finding or conclusion is unsupported by the evidence, he must include a transcript of all the evidence relevant to such finding or conclusion.
>
>  . . . .
>
> The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error. An appellant must include in the record all of the evidence on which the lower court might have based its findings and if this is not done, the lower court must be affirmed.

Union Bldg. Materials Corp. v. Kakaako Corp., 5 Haw. App. 146, 151-52, 682 P.2d 82, 87 (1984) (citations omitted; emphasis added).

A review of Han's testimony (provided in the partial transcript of February 27, 2008) suggests evidence on which the jury could have based its decision to hold Gregory Sr. 10% liable. The testimony indicates that Gregory Jr. was riding his scooter to school for the very first time. Han testified that he thought Gregory Sr. should have been with Gregory Jr. that morning or at least have taken him on a practice run earlier. Han also testified that immediately after the accident Gregory Jr.'s sister said, "I told him not to go."

Because the Kanaheles did not provide the necessary transcripts, it is not possible for this court to determine whether their evidence manifestly outweighs the evidence produced by Han on the issue of liability. Hoopii v. City & County of Honolulu, 53 Haw. 564, 565, 498 P.2d 630, 631 (1972) ("The appellate standard for granting a new trial is that one party's

evidence manifestly outweighs that introduced by the other party.").

The circuit court did not abuse its discretion in not granting the Kanaheles' motions for a new trial.

Therefore,

IT IS HEREBY ORDERED that the "Final Judgment in Favor of Plaintiff Gregory Kanahele, Jr., a minor, and Against Defendant James Han and Gregory Kanahele, Sr. and in Favor of Defendant James Han and Against Plaintiff Trishalynn Kanahele, a minor, and Gregory Kanahele, Sr." filed on April 24, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, April 7, 2011.

On the briefs:

James T. Wong
for Defendant-Appellant/
Cross-Appellee.

Richard Turbin
Rai Saint Chu
Janice D. Heidt
(Turbin Chu)
for Plaintiffs-Appellees/
Cross-Appellants.

Presiding Judge

Associate Judge

Associate Judge